FRANCO SOTO, DEMANDANTE Y APELANTE, *v.* MARTÍNEZ,
DEMANDADO Y APELADO.

APELACIÓN procedente de la Corte de Distrito de San Juan,
Sección Primera, en pleito sobre daños y perjuicios.

MOCIÓN solicitando la desestimación del recurso.

No. 2112.—Resuelto en diciembre 8, 1919.

DESESTIMACIÓN DE APELACIÓN—APELACIÓN FRÍVOLA.—Para que pueda desestimarse
una apelación de acuerdo con la regla 59 de este tribunal es necesario que se
haya probado satisfactoriamente que el apelante no ha proseguido su apela-
ción con la debida diligencia o de buena fe, o que la apelación es frívola; y
cuando tales hechos no aparezcan claramente, este tribunal no ejercitará su
discreción en ese sentido.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Juan B. Soto.*

Abogado del apelado: *Sr. Víctor P. Martínez.*

EL JUEZ PRESIDENTE SR. HERNÁNDEZ, emitió la opinión del
tribunal.

Dos son las mociones sometidas a nuestra consideración
y decisión por el demandado apelado, Víctor P. Martínez y
González, vistas ambas conjuntamente en 24 de noviembre
próximo pasado, la primera de ellas radicada en 4 de octu-
bre anterior para que se declare abandonada y frívola la
apelación interpuesta por el demandante Carlos Franco Soto,
y la otra radicada en 14 de noviembre citado para que se
agregue a los autos certificación de un proyecto de transac-
ción propuesta por el demandado al demandante, de cuya
certificación, así como del récord del caso dice intenta va-
lerse para sostener la primera moción.

El récord del caso, o sea la transcripción de autos, había
sido radicado en este tribunal con fecha 1º. de noviembre
citado, con anterioridad a la fecha de la radicación de la
segunda moción, y al ser vistas ambas mociones en 24 de no-
viembre ya el apelante había radicado su alegato escrito, lo
que verificó en 10 de noviembre, habiendo radicado el de-
mandado su alegato en la misma fecha de la vista de ambas
mociones.

Funda el apelado su moción de desestimación en haber transcurrido el término de noventa días desde que fué presentado el escrito de apelación hasta la fecha de la moción, sin haberse radicado por el apelante la transcripción de autos para la tramitación del recurso, y no haber practicado personalmente ni por medio de otras personas gestión alguna tendente a radicar dicha transcripción; en que el apelante no ha expresado los extremos de la sentencia contra los cuales establece el recurso; en que los hechos que determinan la alegación fundamental de la demanda quedaron sin justificar en el juicio y en que la excepción de cosa juzgada opuesta por el demandado a la demanda se demostró mediante la evidencia aportada al juicio por el demandado.

La sentencia en el caso fué dictada en 26 de mayo de 1919 declarando sin lugar la demanda y adicionada por orden del día 31 del propio mes declarando sin lugar las reconvenciones del demandado, con la cláusula de *nunc pro tunc,* cuya sentencia y orden fueron registradas en 31 del mismo mayo retrotrayéndose sus efectos al día 26 de mayo en que fué dictada la sentencia en corte abierta.

El demandante interpuso en 23 de junio de 1919 recurso de apelación contra la sentencia dictada en su contra, y a moción del apelante se dictó una orden en 5 de julio siguiente para que se preparara por el taquígrafo la transcripción del caso de acuerdo con lo dispuesto en la Ley No. 27 de 27 de noviembre de 1917. La transcripción fué aprobada por el juez que conoció del juicio, Hon. Jacinto Texidor, en 9 de octubre, 1919, y certificada por el secretario en 31 del propio mes, habiéndose archivado en la secretaría de esta corte, como hemos dicho antes, en 1°. de noviembre de 1919.

Ciertamente que desde la fecha del escrito de apelación, junio 23, hasta la fecha del archivo de la moción para que se desestimara la apelación, 4 de octubre, transcurrieron más de los noventa días a que se refiere el artículo 59 del Reglamento de este tribunal.

Ese artículo dice así:

"Art. 59.—Expirado el término de noventa días desde la fecha en que se presentare el escrito de apelación, y no obstante las prórrogas concedidas por la corte inferior, el tribunal a discreción podrá desestimar una apelación que nó haya sido anteriormente registrada en este tribunal, mediante moción presentada al efecto. si se probare satisfactoriamente que el apelante no ha proseguido su apelación con la diligencia debida o de buena fe y que tal apelación es frívola."

La transcripción del récord tiene 643 folios y el juez que había de aprobar la exposición del caso estuvo ausente en los Estados Unidos con licencia desde 1º. de junio, 1919, en que empezó sus vacaciones, hasta el 15 de agosto en que tomó posesión de su cargo nuevamente. No se nos ha probado satisfactoriamente que el apelante no ha proseguido su apelación con la diligencia debida o de buena fe, y este tribunal por tanto no ejercerá su discreción en sentido favorable a la pretensión del apelado.

Hemos examinado las alegaciones de la parte apelante para sostener el recurso y no nos sentimos inclinados a estimar que la apelación sea frívola. Las cuestiones envueltas en el caso serán consideradas detenidamente al resolverlo por sus méritos.

En cuanto a la certificación del proyecto de transacción que ha sido presentado no aparece, ni el peticionario se ha cuidado de demostrarlo, que sea de influencia para la resolución de la primera moción de desestimación.

Procede desestimar ambas mociones.

*Denegada la desestimación.*

Jueces concurrentes: Sres. Asociados Wolf y Aldrey.

Los Jueces Asociados Sres. del Toro y Hutchison no tomaron parte en la resolución de este caso.